UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>PEDRO ANTONIO MARIN, )<br>   a/k/a "Marulanda Velez," )<br>   a/k/a "Tirofijo," et al.   ) | Crim. No. 04-446 (TFH) |

**GOVERNMENT'S MOTION UNDER THE SPEEDY TRIAL ACT
FOR CONTINUANCE BASED ON COMPLEX CASE, AND TO EXCLUDE TIME TO
OBTAIN EVIDENCE FROM A FOREIGN COUNTRY**

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby moves the Court under 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(i) and (ii), and 3161(h)(9) of the Speedy Trial Act for a continuance based on complex case; and to exclude time to permit the United States to obtain evidence from Colombia. In support thereof, the government states the following:

FACTS

1.   On March 1, 2006, Pedro Antonio Marin, a/k/a "Manuel Marulanda Velez," a/k/a "Tirofijo," and forty-nine other defendants, including Erminso Cuevas Cabrera, a/k/a "Mincho," Jorge Enrique Rodriguez Mendieta, a/k/a "Ivan Vargas," and Juan Jose Martinez Vega, a/k/a "Gentil Alvis Patino," a/k/a "Chiguiro," were indicted by a federal grand jury in the District of Columbia and charged with conspiring to import five kilograms and more of cocaine into the United States and conspiring to manufacture and distribute five kilograms and more of cocaine intending and knowing that the cocaine would be unlawfully imported into the United States in

violation of 21 U.S.C. Section 963.  On or about February 16, 2007, the United States transmitted a request for assistance, in English and Spanish, to Colombia, pursuant to the United Nations Vienna Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances, ratified by Colombia on June 10, 1994, and the United States on February 20, 1990 (the "Vienna Convention Mutual Legal Assistance Request").  The request seeks evidence related to the criminal activities of, among others, Cuevas Cabrera, Rodriguez Mendieta, and Martinez Vega.  On September 20, 2007, Erminso Cuevas Cabrera appeared in Washington, D.C., pursuant to the Government's request for extradition from Colombia.  On October 1, 2007, following a detention hearing, Magistrate Judge John M. Facciola ordered Cuevas-Cabrera detained pending trial.  On November 5, 2007, Jorge Enrique Rodriguez Mendieta, a/k/a "Ivan Vargas," appeared in Washington D.C., pursuant to the Government's request for extradition from Colombia.  On November 5, 2007, Rodriguez-Mendieta was ordered detained pending trial by Magistrate Judge Kay.  On April 21, 2008, Juan Jose Martinez Vega, a/k/a "Gentil Alvis Patino," a/k/a "Chiguiro," appeared in Washington, D.C., pursuant to the Government's request for extradition from Colombia, and was ordered detained pending trial by U.S. District Court, Chief Judge Thomas F. Hogan.

2.  Prior to his arrest in Colombia, Cuevas Cabrera was an associate of a narco-terrorist guerrilla group known as the *Fuerzas Armadas Revolucionarias de Colombia*, or "FARC," who managed cocaine laboratories for the 14th Front of the FARC, oversaw the production and distribution of hundreds of thousands of kilograms of cocaine, participated in providing hundreds of kilograms of cocaine to drug transportation organizations for shipment to the United States and other places.  Erminso Cuevas Cabrera, the defendant, is the brother of

fugitive defendant Jose Benito Cabrera Cuevas, a/k/a "Fabian Ramirez," the leader of the 14th Front of the FARC. Prior to his arrest, Jorge Enrique Rodriguez Mendieta, a/k/a "Ivan Vargas," was a member of the Estado Mayor or Governing Council of the FARC and the leader of the 24th Front of the FARC, who was responsible for overseeing cocaine and cocaine paste production for the 24th Front. In that capacity, Rodriguez Mendieta, among other things, sold hundreds of thousands of kilograms of cocaine paste to cocaine transportation organizations, collected "taxes" related to the sale of cocaine paste for the benefit of the FARC, and possessed and distributed finished cocaine. Prior to his arrest in Colombia, Juan Jose Martinez Vega, a/k/a "Gentil Alvis Patino," a/k/a "Chiguiro," was a FARC associate who worked closely with the FARC's 16th Front, and assisted them in procuring weapons and other materials in exchange for cocaine and cocaine paste. The Government has produced extensive initial discovery to all three of these defendants, including thousands of photographs, documents, and transcripts from intercepted FARC communications.

3.      On December 7, 2007, the Government filed a motion, with respect to defendants Cuevas Cabrera and Rodriguez Mendieta, similar to the instant motion, under the Speedy Trial Act based on the complexity of the case and the need to obtain evidence from a foreign country. On December 18, 2007, Chief Judge Thomas F. Hogan, ordered that "in computing the time within which the trial must commence, the period of time from the filing of the government's motion [i.e., December 7, 2007] to six months therefrom [i.e., June 7, 2008] shall be excluded pursuant to 18 U.S.C. § 3161(h)(8)(A), 18 U.S.C. § 3161(h)(8)(B)(i), 18 U.S.C. § 3161(h)(8)(B)(ii), and 18 U.S.C. § 3161(h)(9).

ARGUMENT

4.	Under the Speedy Trial Act, 18 U.S.C. Section 3161 *et seq.*, the trial of a defendant must commence within seventy days after their initial appearance. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act, however, excludes certain periods of time from the seventy day computation. First, the Court may toll the seventy day period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(8)(A). One factor that the Court should consider is "whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." Section 3161(h)(8)(B)(i). In determining whether to grant a continuance, a second factor the Court must consider is "whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the prescribed time limit. Section 3161(h)(8)(B)(ii). Second, the Court may order "[a]ny period of delay, not to exceed one year," upon application of a party and a "finding by a preponderance of the evidence that an official request [to a foreign country] has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." Section 3161(h)(9).

## Time Should Be Excluded Under §3161(h)(8)(A) and (h)(8)(B)(i) and (ii) of the Speedy Trial Act Because Of The Complexity Of The Case

5.      The Government respectfully moves the Court to grant a continuance because this case is a "complex" case. The failure to grant a continuance in this case would result in a miscarriage of justice due to its complexity and significance. The indictment alleges the existence of an international drug conspiracy involving 50 leading members and associates of the FARC, an organization officially designated as a "Foreign Terrorist Organization" by the United States Department of State. The FARC has approximately 18,000 armed guerillas. The Government has turned over a significant amount of evidence in discovery, including thousands of intercepted telephone calls obtained from a Colombian wiretap. The Government plans to turn over thousands of additional documents over the coming months. The Government is in the final stages of preparing a set of 10,000 documents recently received from the Colombian Government for disclosure to the defendants. The Government also expects to receive an additional set of documents for discovery from Colombia in the next three months. The vast majority of the evidence in the Government's possession must be translated into English. In addition, this case involves the extraterritorial application of United States law. The investigation of this case occurred outside the United States and was conducted by Special Agents of the DEA and their foreign counterparts in Colombia. The vast majority of the witnesses who will testify for the Government at trial are citizens of Colombia. Because the case involves the extraterritorial application of United States law and the prosecution of a member of a Foreign Terrorist Organization, it may present novel questions of fact or law. In addition, due to the nature and location of the Government's evidentiary materials, which are primarily in Spanish, and the

Government's efforts to obtain evidence from Colombia, it is anticipated that complete discovery will take longer than usual. Pursuant to the VCMLAR that the Government made to Colombia, Colombian authorities are contacting various prosecuting offices and law enforcement agencies throughout Colombia to comply with our request. This is an extremely time consuming process. Accordingly, the Government respectfully submits that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act. *See United States* v. *Kamer*, 781 F.2d 1380 (9th Cir. 1986) (holding an ends of justice continuance for additional trial preparation was supported by a complex case that had numerous overseas documents, most of which in the Dutch language, and many foreign witnesses); *United States* v. *Brooks*, 697 F.2d 517 (3d Cir. 1982) (affirming district court's grant of continuance for a complex case that alleged a drug manufacturing and distributing conspiracy involving nine people, with four counts of substantive drug offenses involving various members of conspiracy, where not all defendants had secured counsel, and where discovery had not been completed at time continuance was granted); *United States* v. *Strong*, 608 F. Supp. 188 (E.D. Pa. 1985) (concluding the failure to grant an ends of justice delay would deny the Government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore).

### Time Should Be Excluded Under §3161(h)(9) of the Speedy Trial Act To Obtain Evidence From Colombia

6.  The Government respectfully moves the Court to delay the setting of any trial date under 18 U.S.C. Section 3161(h)(9) based on the Government having sent an official request to Colombia on February 16, 2007 for relevant evidence in Colombia. The VCMLAR seeks

6

evidence of the drug trafficking activities of the defendants. The Government submits that it reasonably appears that there is evidence of the charged offense in Colombia because the Indictment alleges the extradited defendants were involved in a drug trafficking conspiracy in Colombia, which had the objective of shipping cocaine to the United States.

7. In computing the time within which the trial must commence, the Government respectfully requests that the Court order that the period of time from June 7, 2008, to six months therefrom be excluded pursuant to 18 U.S.C. §3161(h)(9). *See United States* v. *Serna*, 630 F. Supp. 779 (S.D.N.Y. 1986) (finding the Government was entitled to continued exclusion of time not to exceed one year under 18 U.S.C.A. § 3161(h)(9) while the Government made a diligent and good-faith effort to obtain evidence gathered by Spanish police); *United States* v. *Strong*, 608 F. Supp. 188 (E.D. Pa. 1985)(concluding the failure to grant an ends of justice delay would deny the Government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore). If additional time is needed to obtain relevant evidence, the Government will file a supplemental motion requesting the additional exclusion of time.

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to grant this motion.

Respectfully submitted,

Randall W. Jackson
Special Assistant United States Attorney
United States Attorney's Office for the
    District of Columbia

-

Assistant United States Attorney for the
    Southern District of New York
(212) 637-1029

CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2008, a copy of the foregoing motion was delivered to counsel for defendants:

>Gary M. Sidell, Esq.
>1776 K Street, N.W.
>Suite 800
>Washington, D.C. 20006
>Attorney for Erminso Cuevas Cabrera

>Joanne D. Slaight, Esq.
>717 5th Street, N.W.
>Washington, D.C. 20001
>Attorney for Jorge Enrique Rodriguez Mendieta

>Richard K. Gilbert, Esq.
>601 Pennsylvania Avenue, N.W.
>Suite 900, South Building
>Washington, D.C. 20004
>Juan Jose Martinez Vega

>_____
>Randall W. Jackson

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>　v.<br><br>**PEDRO ANTONIO MARIN**, *et al.*,<br><br>　　　　　　**Defendants.** | **Criminal Action No. 04-446 (TFH)** |

### ORDER

Pending before the Court is Government's Motion Under The Speedy Trial Act For Continuance Based On Complex Case, And To Exclude Time To Obtain Evidence From A Foreign Country. After carefully considering the representations made by the United States in the motion, the fact that no opposition was filed in response thereto, and the entire record in this case, the Court finds that:

1) Pursuant to 18 U.S.C. § 3161(h)(8)(A), 18 U.S.C. § 3161(h)(8)(B)(i), and 18 U.S.C. § 3161(h)(8)(B)(ii), the ends of justice served by delaying a trial date in this case outweigh the best interest of the public and the defendants in a speedy trial in light of the complexity of this case. As described by the United States, this case involves an international narcotics conspiracy and an investigation that took place in Colombia where evidence must be obtained, the defendants are Colombian nationals and alleged to be members of a Foreign Terrorist Organization, the key witnesses likely will be foreign citizens, the prosecution involves the extraterritorial application of United States law, and there are volumes of evidence that must be translated into English. In addition, discovery has not concluded and the United States has requested assistance to obtain discovery from Colombia via the United Nations Vienna Convention Against Illicit Traffic In Narcotic Drugs And Psychotropic Substances. Because of these complexities, the Court anticipates that the case might involve novel questions of law. Consequently, the failure to grant such a continuance would deny both parties needed evidence and time to adequately prepare for pretrial proceedings or for the trial itself, likely making a continuation of this proceeding impossible or such that it would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i) and 18 U.S.C. § 3161(h)(8)(B)(ii).

2)       The United States has established by a preponderance of the evidence that the above-captioned case is one that is so unusual or complex that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself to be completed within the 70-day time limit of 18 U.S.C. § 3161(c).

3)       Pursuant to 18 U.S.C. § 3161(h)(9), the United States has established by a preponderance of the evidence that, on February 16, 2007, it made an official request for relevant evidence regarding the drug trafficking activities of the defendant and it appears that there is such evidence in Colombia given that the indictment charges the extradited defendant with involvement in a narcotics conspiracy in Colombia that had the objective of shipping cocaine to the United States. It also appears that the Colombian government is still in the process of responding that request.

Accordingly, in computing the time within which the trial must commence, the period of time from the filing of the government's motion to six months therefrom shall be excluded pursuant to 18 U.S.C. § 3161(h)(8)(A), 18 U.S.C. § 3161(h)(8)(B)(i), 18 U.S.C. § 3161(h)(8)(B)(ii) and 18 U.S.C. § 3161(h)(9).

      **SO ORDERED.**

June _____, 2008                                                                      _____
                                                                                            Thomas F. Hogan
                                                                                      United States District Judge