IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 04-446-051 (TFH) |
| | : | |
| JUAN JOSE MARTINEZ VEGA | : | |

DEFENDANT JUAN JOSE MARTINEZ VEGA'S MOTION FOR
INTERIM PAYMENTS TO ATTORNEY AND INTERPRETER,
<u>CONSULTING ATTORNEY AND INVESTIGATOR FEES</u>
<u>INTERIM PAYMENTS TO ATTORNEY AND INVESTIGATOR</u>

Defendant, Juan Jose Martinez Vega, through undersigned counsel, respectfully requests that this Court authorize interim payments to the appointed attorney, an interpreter, a "consulting" attorney, and an investigator all working on representing Defendant in this case. As grounds therefore, Defendant states:

1. Defendant is charged with one count of narcotics conspiracy involving the importation and production with intent to import of five kilograms or more of cocaine from Colombia. There are 50 named codefendants charged in the indictment including Erminso Cuevas Cabrera and Jorge Enrique Rodriguez Mendieta, who are present in the United States and currently joined with Defendant.[1] (The other defendants are not in United States custody; many, if not most, are apparently in not in Colombian custody either; a few are deceased.)

2. On June 9, 2008, the United States filed a Motion Under The Speedy Trial Act For Continuance Based On Complex Case, And To Exclude Time To Obtain Evidence

---

[1] Defendant will almost certainly file a motion to sever defendants when a motions schedule is set.

1

From A Foreign Country. In the Motion, the United States understandably asserts that this case is a complex one and that the evidence is largely based on documents, wiretaps and witnesses from Colombia. Although Defendant reserves the right to oppose any future exclusion of time requested by the United States, he agrees that the case is likely to be both extended and complex.

    3. The United States asserts that it has provided "extensive" discovery to the defendants. The discovery is voluminous, although as of this time little of is actually directly related to defendant Martinez Vega. Moreover, the United States asserts that it has received some 10,000 pages of documents from the Colombian government, which it is reviewing (and hopefully translating) prior to disclosure to the defendants. Nor is this expected to be the end; the government anticipates receiving thousands of pages more in the near future.

    4. Although one can not rule out some form of disposition short of trial in the future, it appears that in defendant Martinez Vega's case, at least, there will not be a resolution in the immediate future. Manifestly, the expected extensive discovery, coupled with the seriousness of the charges and the overall complexity of the case, means that counsel, and those working with him will have significant demands on their time commencing immediately, while final resolution may be many months, (or possibly years) away. For this reason, counsel for Defendant seeks permission of the Court to file interim vouchers.

5. Moreover, a case of this magnitude requires a "team" working on the case. Therefore, Defendant also requests that the following individuals also be permitted to file interim vouchers:

a. **Interpreter Teresa Willet**. Defendant Martinez Vega does not speak English. While appointed counsel has some conversational Spanish (and can meet alone with Defendant to discuss purely administrative matters, like scheduling) and can, with the help of a dictionary, get the gist of most written material in Spanish, his Spanish fluency nowhere near approaches a professional level. In addition to translating for counsel at meetings with Defendant at the jail, Ms. Willet, a court certified interpreter, has also communicated with Defendant's family and attorneys in Colombia and has reviewed the government's translation of Spanish language documents. Her assistance is essential to the defense of the case. Her hourly rate is $90 per hour.

b. **Consulting Attorney Kristen Hughes**. With the approval of the Federal Defender, Ms. Hughes assisted counsel in his last large scale conspiracy case. She kept the voluminous discovery organized, prepared summary tables, and performed legal research and drafting. It should be noted that in the last case, Ms. Hughes' services, except where they directly involved attorney - client material, were made available <u>to all of the defense counsel.</u> Assuming that other counsel want this assistance, counsel and Ms. Hughes, would offer the same to other counsel in this case. In addition, because Ms. Hughes is a political scientist by training, counsel has asked her to become familiar with the political situation in Colombia to include the organization of FARC, the terrorist organization which the defendants are alleged to have been members. It is

important that the defense have some <u>independent</u> basis for evaluating any government proffered expert testimony on the subject. Ms. Hughes' hourly rate is $80.

     c. **Investigator George Steel**. At the previous status hearing in this case, the Court alerted counsel to the fact that there have been other FARC cases in this courthouse. Counsel has contacted counsel for two such defendants, and learned that both cases involve numerous pleadings, extensive discovery, and many days of transcripts. Counsel envisions having the investigator, along with Ms. Hughes, go through the pleadings, discovery and transcripts in the other cases. (Ms. Hughes would focus on the more general issue of FARC activities and personnel, while Mr. Steel would be looking for information related to the specific allegations against defendant Martinez Vega.) Mr. Steel is retired MPD homicide and sex offense detective; his hourly rate is $75.

     6. The attached proposed order permitting interim payments to counsel, and the interpreter, consulting counsel, and investigator tracks language approved by the Office of the Federal Defender and used in similar cases in the past.

     7. Defendant requests that approval for interim vouchers be effective *nunc pro tunc* to April 21, 2008, the date undersigned counsel entered his appearance, pursuant to the Criminal Justice Act, as counsel for Juan Jose Martinez Vega in the above case.

WHEREFORE, for the above reasons, as well as those set forth in the attached Memorandum of Points and Authorities, Defendant respectfully requests that this Court authorize interim payments to counsel and his interpreter, consulting counsel, and investigator in the above case.

Respectfully submitted

/s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C. 20004
(202) 898-0857

Attorney for Defendant Martinez Vega
(Appointed By The Court)

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 04-446-051 (TFH) |
| | : | |
| JUAN JOSE MARTINEZ VEGA | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT JUAN JOSE MARTINEZ VEGA'S MOTION FOR
INTERIM PAYMENTS TO ATTORNEY AND INTERPRETER,
CONSULTING ATTORNEY AND INVESTIGATOR FEES

1. Paragraph 3.06 A of the Guidelines for the Administration of the Criminal Justice Act, sets forth the procedures to be followed when, because of the expected length of the trial in the case, a hardship would result if a service provider were required to provide services without compensation for such period. (18 U. S. C. §3006A (e), the Criminal Justice Act, authorizes payment for essential defense service other than counsel, which has traditionally been understood to encompass the services of an investigator.) By requiring that one third of compensation (minus expenses) be withheld until the conclusion of the case, the Court retains the ability to make a final assessment of the services of counsel and the interpreter, consulting attorney and investigator.

2. The attached Order complies with those procedures and parallels Orders other judges of this Court have approved in other cases involving similar complexity.

        Respectfully submitted

           /s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C.  20004
(202) 898-0857

Attorney for Defendant Martinez Vega
(Appointed By The Court)