UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> V. : <br> : <br> PEDRO ANTONIO MARIN, et al. : <br> : | Criminal No. 04-446 (TFH) |

**DEFENDANTS RODRIGUEZ MANDIETA AND CUEVAS CABREA'S
OPPOSITION TO GOVERNMENT'S SECOND MOTION FOR
EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT**

Defendants Jorge Rodriguez Mendieta (hereafter Rodriguez) and Erminso Cuevas Cabrera (hereafter Cuevas), through undersigned counsel, respectfully oppose the government's second motion for exclusion of time under the Speedy Trial Act.

In support of its motion the defendants state the following:

1. In 2004 the government returned an original indictment in the above-titled case, which was followed by a superceding indictment filed more than 2 years ago, on March 1, 2006. Although that indictment lists 50 codefendants, the government has informed the court that it intends to try only the three defendants presently detained for this case: Jorge Rodriguez-Mendieta (23), Erminso Cuevas Cabrera (49), and Juan Jose Martinez Vega (51)(hereafter Martinez). The

1

defendants are charged with conspiracy to import five kilograms or more of cocaine into the United States, and related charges. 21 U.S.C § 963.

2. The U.S. government filed an extradition request with Colombia for Mr. Rodriguez in July, 2006, almost two years ago.

3. Pursuant to U.S. extradition request, Mr. Cuevas appeared in this Court on September 20, 2007, Mr. Rodriguez appeared here on November 5, 2007, and Mr. Martinez appeared here on April 21, 2008.

4. On December 7, 2007, the government filed a motion to exclude time under the Speedy Trial Act, based on the complexity of the case, and to obtain evidence from Colombia. On December 18, 2007, without objection by the defense, the Court ordered that the time from December 7, 2007, to June 6, 2008, be excluded pursuant to 18 U.S.C. § 3161(h)(8)(A), 18 U.S.C. § 3161(h)(8)(B)(I), 18 U.S.C. § 3161(h)(8)(B)(ii) and 18 U.S.C. § 3161(h)(9).

5. On June 10, 2008, the government filed a second motion to exclude time under the Speedy Trial Act, for an additional six months, pursuant to 18 U.S.C. § 3161(h)(8)(A), 3161 (h)(8)((B)(I) and (ii), and 3161(h)(9), once again citing the complexity of the case and need to obtain evidence from a foreign country.

6. The government claims that it sent an official request to Colombia for relevant evidence more than a year ago, on February 16, 2007. But it does not detail why it waited for almost a year after the most recent indictment to seek this evidence, what evidence was sought, what evidence has been obtained since the

request, or what followup requests or responses have occurred.

7.   Meanwhile, Mrrs. Rodriguez and Cuevas have already been held without bond in a foreign country for more than six months. Mr. Cuevos has been held in isolation, or its equivalent, at the D.C. Jail, despite repeated requests by his counsel for transfer to more humane setting.

8.   Mrrs. Rodriguez and Cuevas have not received any discovery from the government since the initial discovery packet dated January 9, 2008. To counsel's knowledge, that discovery packet had very little relevant material regarding Mr. Rodriguez, and no relevant material regarding Mr. Martinez. Moreover, problems with the initial discovery packet were discussed at the May 9, 2008, status hearing, and via letter by counsel for Mr. Martinez to the government dated May 27, 2008. Court case document #47, a letter filed by counsel for Mr. Rodriguez dated June 26, 2008, further details problems of the January discovery packet.

For example, the defense received 31 disks containing hundreds of recorded phone conversations. These disks were supposed to be accompanied by an explanatory spreadsheet. The spreadsheet was not, in fact, in the packet, making the disks useless. The defense still has not received an index or summary for these disks, or an index for an additional disk with 460 phone intercepts.[1]

9.   The government requests exclusion of time under section 3161(h)(9) of

---

[1] These disks do not appear to be relevant to Mr. Rodriguez or Mr. Martinez, although it is impossible to be sure, given that defense has not received any indexes with the disks.

the Speedy Trial Act, 18 U.S.C. § 3161et seq. Under this section, the burden is on the movant to show that the "ends of justice" require a continuance of the trial. <u>United States v. Kelley</u>, 36 F.3d 1118, 1126, n. 5 (D.C. Cir. 1984)[citing 18 U.S.C. § 3161(h)(8)(A); <u>United States v. Poston,</u> 902 F.2d 90, 96 (D.C. Cir. 1990)].

In <u>United States v. Theron</u>, 782 F.2d 1510 (10th Cir. 1986), the court was faced with a sixty-four count conspiracy and mail fraud case involving 12 defendants. The trial court granted a continuance over one defendant's objection based on an "ends-of-justice" finding pursuant to 18 U.S.C. § 3161(h)(8). The Court of Appeals reversed that decision and released the defendant. The Court stated in no uncertain terms that "complexity plus multiple defendants are not enough, by themselves" to outweigh the interest of the defendant in a prompt trial. Id. at 1513. (The Court of Appeals held in that case that the Speedy Trial Act was tolled for a short period under §3161(h)(7), because codefendants had requested a continuance, but that release of the defendant was required under § 3164.)

10. Here, the government has not provided any actual facts to conclude that its requests for delay are necessary, or that extra time is necessary for the government to meet its discovery obligations. It has not shown that it has made diligent efforts to obtain and provide discovery for the defense in this case which was originally indicted more than four years ago. Different prosecutors have appeared for each status hearing. Despite promises by the government, no discovery has been turned over to Mrrs. Rodriguez and Cuevas between the status

hearing on January 22, 2008, and the date of this filing, June 26, 2008.[2]

11.    While this case may in fact be complex or require extra time, there is no record by the government to show this thus far, and there is no record that the government has made good faith efforts to comply with its discovery requirements. At a minimum, the government should be required to detail:

- the materials provided to the grand jury for indictment in this case, and whether those materials have been provided to the defense;
- why the government waited until February 16, 2007, to request assistance from Colombia;
- any additional efforts made by the government to obtain material from Colombia since February 16, 2007, and any response;
- any materials which have been received from Colombia, including date of receipt;
- all materials which are expected from Colombia;
- the expected date that materials will be received from Colombia;

---

[2] Prosecutor Randall Jackson, the latest prosecutor to appear in Court, informed undersigned counsel today by phone that the defense would receive more discovery next week. Defense does not know the type or quantity of projected discovery.

- the expected date that these materials will be provided to the defense, and discovery will be complete.

12. If the court finds that any particular defendant's circumstances are complex, the other defendants' cases should be severed so that they will not be indefinitely detained without bond pending trial.

## Conclusion

For the reasons stated above, and for any other reasons which may appear to the Court, the defendants respectfully oppose the government's motion for exclusion of time under the Speedy Trial Act. The defendants request an evidentiary hearing prior to any exclusion of time under the Speedy Trial Act.

Respectfully submitted,

_____
Joanne D. Slaight, #332866
717 5th St, N.W.
Washington, DC 20001
Phone (202) 408-2041
Counsel for Jorge Rodriguez Mendieta

_____
Gary M. Sidell/ s/ Joanne Slaight
1776 K St, N.W., Suite 800
Washington, DC  20006
Phone (202) 783-0060
Bar # 961847
Counsel for Erminso Cuevas Cabrera